IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re:

**ALEX VINCENT WITCHER,**

    **DEBTOR.**

**CHAPTER 13**

**CASE NO. 14-10981-RGM**

**WELLS FARGO BANK, N.A.,**

    **MOVANT,**

vs.

**ALEX VINCENT WITCHER
ARLENE S. WITCHER, CODEBTOR
and THOMAS P. GORMAN, TRUSTEE,**

    **RESPONDENTS.**

## ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, Wells Fargo Bank, N.A., to amend the automatic stay having been properly served on the Trustee and the Debtor and, upon agreement by Counsel,

It appears that Debtor and the Co-Debtor are in possession of a certain real property located at 3 Thornberry Lane, Stafford, VA 22556, and more particularly described as follows:

> **That certain lot or parcel of land, situate, lying and being in Rock Hill Magisterial District, Stafford County, Virginia, and designated as Lot 110, Section One, Devon Green Subdivision, as shown on plat of survey prepared by Reid, Bagby and Caldwell, P.S., dated March 24, 1993, which plat is recorded in the Clerk's Office of the Circuit Court for Stafford County, Virginia in Plat Book 24 at page 162.**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor will resume making all future regular monthly installment payments in the amount of $1,394.26, as they become due commencing August 1, 2015, pending further notice from the Movant.

2. Debtor will cure any arrearage currently due to the Movant for the months of March 2015 through July 2015, minus credits received, in the total amount of $5,518.90, which arrears were calculated as follows:

**Johnie R. Muncy, Esquire**
**Counsel for Movant**
**Samuel I White, P.C.**
**Bar No. 73248**
**1804 Staples Mill Road,**
**Suite 200**
**Richmond, VA 23230**
**(804) 290-4290**
**File No. 14967**

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 2 | 03/01/2015 | 04/01/2015 | $1,336.12 | $2,672.24 |
| 3 | 05/01/2015 | 07/01/2015 | $1,394.26 | $4,182.78 |
| Less Credit for Payment Received on 06/30/2015 | | | | ($36.12) |
| Less post-petition partial payments (suspense balance): | | | | ($1,300.00) |
| | | | Total: | $5,518.90 |

    a.    The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b.    Payment due on or before August 5, 2015 in the amount of $613.22

    c.    Payment due on or before September 5, 2015 in the amount of $613.21

    d.    Payment due on or before October 5, 2015 in the amount of $613.21

    e.    Payment due on or before November 5, 2015 in the amount of $613.21

    f.    Payment due on or before December 5, 2015 in the amount of $613.21

    g.    Payment due on or before January 5, 2016 in the amount of $613.21

    h.    Payment due on or before February 5, 2016 in the amount of $613.21

    i.    Payment due on or before March 5, 2016 in the amount of $613.21

    j.    Payment due on or before April 5, 2016 in the amount of $613.21

    k.    All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

        Wells Fargo Home Mortgage
        One Home Campus
        MAC X2302-04c
        Des Moines, IA 50328

3.    In the event that any payment required by this Order is not received by the Movant within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a.    That the Debtor is in default in making at least one payment required under this Order;

    b.    The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

    c.    The action necessary to cure the default, including any address to which payments must be mailed;

    d.    That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the notice of default:

        i.    Cure the default;
        ii.    File an objection with the Court stating that no default exists; or
        iii.    File an objection with the Court stating any other reason why an

        Order granting relief from the automatic stay should not be entered;

    e.    That if the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the debtor; and

    f.    That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Trustee nor Debtor have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the automatic stay.

If the Trustee or Debtor files an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

6.    The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

7.    In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

8.    Relief is granted as to Arlene S. Witcher, the Co-Debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

DATED: Aug 10 2015

/s/ Robert G. Mayer
_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

August 12, 2015
_____

I ask for this:
By: **/s/JOHNIE R. MUNCY**
Eric D. White, Esquire, Bar No. 21346
Brandon R. Jordan, Esquire, Bar No. 72170
Johnie R. Muncy, Esquire, Bar No. 73248
Samuel I. White, P. C.
1804 Staples Mill Road,
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
jmuncy@siwpc.com
Counsel for Wells Fargo Bank, N.A.


Seen and Agreed:

By: **/s/BARRY WEINTRAUB**

Barry Weintraub
Counsel for Debtor
32 Hayes St.
Stafford, VA 22556

By: **/s/THOMAS P. GORMAN**
Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314

CERTIFICATE

    I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/JOHNIE R. MUNCY**

The Clerk shall mail a copy of the entered Order to the following:

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314

Barry Weintraub
Counsel for Debtor
32 Hayes St.

Stafford, VA 22556

Alex Vincent Witcher
Debtor
3 Rolling Road
Stafford, VA 22556

Arlene S. Witcher
Co-Debtor
3 Thornberry Lane
Stafford, VA 22556
and
12539 Alder Woods Drive
Fairfax, VA 22033